WESTERN UNION TELEGRAPH COMPANY v. J. D. RIDENOUR ET AL.

Decided April 23, 1904.

**1.—Telegrams—Death Message—Issue Raised by Evidence.**
Where the testimony was positive to the effect that if the first of two undelivered messages had been delivered plaintiff's wife would have gone on the next train to her sister's bedside, and there is nothing in the record to indicate that she would have done otherwise if the second message had been delivered, except the bare fact that she and her husband failed to state what she would have done in that contingency—such opinion being evidently due to the fact that no such question was propounded—and their whole testimony went to show that she would have gone, the court was justified in submitting to the jury the issue of whether or not she would have gone.

**2.—Same—Assignment of Error Not Specific.**
An assignment of error that the court erred in submitting to the jury as a basis of recovery the failure of defendant to deliver the second message does not raise the question of whether or not the court erred in not restricting the extent of recovery sought on that basis to the injury sustained by plaintiff's wife in being deprived of being present at her sister's funeral—the evidence establishing clearly that she could not have reached there prior to the sister's death.

Appeal from the District Court of Wichita. Tried below before Hon. A. H. Carrigan.

*L. H. Mathis, Huff, Barwise & Huff,* and *Geo. H. Fearons,* for appellant.

*Montgomery & Hughes,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—Two messages were sent over appellant's wires from Duncan, I. T., to Ladonia, Texas, one on the 10th and the other on the 11th of February, 1901; but neither of them was delivered. If the message of the 10th had been delivered within a reasonable time it would have informed the appellees, J. D. Ridenour and wife, of the serious illness of May Clark, who was a sister to the wife of J. D. Ridenour, and Mrs. Ridenour would have gone to the bedside of her sister and been with her in her last sickness. If the message of the 11th had been delivered it would have enabled Mrs. Ridenour to attend the funeral, but it was sent too late for her to have reached her sister before she died. The failures of appellant to deliver these messages were made grounds of recovery in separate counts, and the evidence warranted a finding of negligence and damage as alleged except that it did not warrant a finding that the failure to deliver the second message deprived Mrs. Ridenour of seeing her sister alive.

In submitting the issues the court gave the following instruction: "If you find and believe from the testimony that on or about February 10 and 11, 1901, the defendant received at its office in Duncan, I. T., either of the telegraphic messages as described in the plaintiff's first amended original petition, and that said messages or either of them were received by defendant for transmission and delivery for hire to the plaintiff at Ladonia, Texas, and that defendant failed to promptly

transmit and deliver said message to the plaintiff at Ladonia, Texas, and that in such failure, if any, the defendant was guilty of negligence as defined in the first and second paragraphs of this charge, and that if said message had been promptly transmitted and delivered to plaintiff, plaintiff's wife, Mrs. Clemmie Ridenour, could and would have gone from Ladonia, Texas, to Duncan, I. T., on the first train after said message could have been promptly delivered, and that she could and would have been present during the life of her sister, May Clark, during the last hours of her life, and was prevented from being at the burial of her said sister, May Clark, and that she, the plaintiff, Clemmie Ridenour, has sustained damages and suffered injury in consequence of such negligence, if any, upon the part of defendant, you will find for the plaintiff."

To this charge, as well as to other paragraphs less objectionable, and to the court's refusal to instruct the jury not to consider the failure to deliver the second message as a basis of recovery, error is assigned on the ground that the evidence did not warrant the submission of that issue. It is contended that if Mrs. Ridenour had taken the first train out of Ladonia after the second message was sent, she could not have reached her sister prior to her death, and this contention is sustained by the evidence; for her sister died at her father's house, some twelve miles from Duncan, in the country, about the time that train was due at Duncan. But, as already indicated, she could have reached her father's house in time for the funeral; so that the court did not err in refusing to withdraw the issue entirely from the jury, unless the further contention be sustained that the evidence utterly failed to show that Mrs. Ridenour would have gone if she had received the second message in time. We think it is fairly to be inferred from the evidence that she would. The testimony was positive to the effect that if the first message had been delivered she would have gone on the next train, and there is nothing in the record to indicate that she would have done otherwise if the second message had been delivered, except the bare fact that she and her husband failed to state what she would have done in that contingency, which omission was evidently due to the fact that no such question was propounded. Their whole testimony went to show that she would have gone.

The charge quoted seems open to the criticism, however, that it did not restrict the damages arising from the failure to deliver the second message to the mental anguish suffered by Mrs. Ridenour because she had been deprived of attending the funeral of her sister, but neither in the assignments complaining of this charge nor in the proposition and statement submitted under them is this objection specifically made. These assignments (1 and 2) are grouped with two others in the brief, and the only question thus submitted for our determination is whether the court erred in submitting to the jury as a basis of recovery the failure of appellant to deliver the second message, which is not pre-

cisely the same as whether the court erred in not restricting the extent of recovery sought on that basis, as explained above. The error, therefore, not being distinctly specified, is waived. If it be said this is technical, we reply, so is the objection, and so also is the rule itself which requires a judgment to be reversed merely because the court submits an issue not raised by the evidence. While the rule is well established, it proceeds upon the assumption that the jury is so wanting in intelligence and common sense as to be liable to find a fact without any evidence to base the finding on, merely because the judge submits the inquiry to them.

The definition of negligence quoted and criticised in the brief differs from that found in the transcript, and as there written is not subject to objection. Besides, as quoted in the brief the clause applicable to the facts of this case is correct.

The verdict is sustained by the evidence, and the amount thereof, $750, is not complained of.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.